# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **WENDY HANAWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-17-565-G** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Wendy Hanaway filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits and supplemental security income. *See* Compl. (Doc. No. 1). On September 18, 2018, the Court reversed and remanded the case for further administrative proceedings. *See* Opinion and Order (Doc. No. 20). Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Pl.'s Mot. (Doc. No. 22). The Commissioner opposes the motion, arguing that her position was substantially justified and, thus, Plaintiff is not entitled to fees. *See* Def.'s Resp. (Doc. No. 24).

### I.      *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United

States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

## II.    Whether Plaintiff Is the Prevailing Party

The Court previously reversed the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-434, 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the EAJA. *See* J. (Doc. No. 21) at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

*III.     Whether the Government Has Shown Its Position Was Substantially Justified*

As noted, it is the Commissioner's burden to demonstrate that her position was "substantially justified" within the meaning of the EAJA. *Hackett*, 475 F.3d at 1172. The standard is ultimately "one of reasonableness in law and fact" and is satisfied where "there is a 'genuine dispute,' or 'if reasonable people could differ as to [the appropriateness of the contested action].'" *Hackett*, 475 F.3d at 1172; *Underwood*, 487 U.S. at 565. Notably, "[t]he government's 'position can be [substantially] justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Underwood*, 487 U.S. at 566 n. 2). Thus, a decision adverse to the government does not compel a conclusion "that the government's efforts to defend that decision lacked substantial justification." *Madron v. Astrue*, 646 F.3d 1255, 1258 (10th Cir. 2011).

In its remand order, the Court held that the administrative law judge ("ALJ") erred in assessing Plaintiff's residual functional capacity ("RFC") by rejecting without explanation a limitation on movement of the neck and spine recommended by Plaintiff's treating physician, Dr. Michael Hahn. *See* Opinion and Order at 5-6. The Court's decision was predicated on the well-settled rule that, "[a]n ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and only if he or she give[s] specific, legitimate reasons for doing so." *Id.* (citations and quotation marks omitted). The Commissioner argued, unsuccessfully, that the ALJ's rejection of Dr. Hahn's limitation-on-movement recommendation was implicitly based on objective medical evidence mentioned throughout her written decision, though not cited explicitly as a basis for her partial rejection of Dr. Hahn's opinion. *See* Doc. No. 15, at 3-4.

The Court cannot conclude that the position advanced by the Commissioner was "substantially justified" for EAJA purposes. It is beyond dispute that, in making an RFC assessment, an ALJ may not reject the opinion of a treating position without explaining her reasons for doing so. *See, e.g.,* SSR 96-8p, 1996 WL 374184, at \*7 (July 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) ("an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating physician's opinion") (citation omitted); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ . . . must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). And the ALJ's explanation must be "apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007).[1]

Nor can the Court conclude that the Commissioner was "substantially justified" in assuming the position that any error committed by the ALJ was harmless. As detailed in the Court's remand order, the Vocational Expert—on whose testimony the ALJ based her

---

[1] The Commissioner cites *Endriss v. Astrue*, 506 F. App'x 772 (10th Cir. 2012) in support of her position. *See* Def.'s Resp. at 5-6. In *Endriss*, the Court declined to find legal error where the ALJ gave little weight to portions of a treating physician's opinion due to its inconsistency with other medical evidence in the record but failed to provide a contemporaneous discussion of the inconsistent evidence, instead merely citing exhibit numbers. The Court looked to an early portion of the ALJ's decision for the ALJ's discussion of the cited evidence, noting that, "[r]eading the ALJ's decision as a whole, the ALJ adequately explained how the objective medical evidence [was inconsistent with the treating physician's opinion]." *Endriss*, 506 F. App'x at 775-76. Unlike in *Endriss*, however, the ALJ in this case stated that Dr. Hahn's opinion was consistent with the record as a whole and assigned great weight to the opinion without reservation.

finding that Plaintiff could perform her past relevant work—unreservedly testified that a limitation in the ability to look up and down due to severe neck problems was incompatible with performance of Plaintiff's past relevant work. *See* Opinion and Order, at 8.

IV.     *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $6052.05, calculated as follows:

- 28.4 attorney hours for work performed in 2017, at a rate of $197.00 per hour; .25 attorney hours for work performed in 2018, at a rate of $201.00 per hour; and

- 3.7 paralegal hours for work performed in 2017, at a rate of 110.00 per hour.

*See* Pl.'s Ex. 1 (Doc. No. 22-1) at 1-3. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

Plaintiff also may recover "paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Plaintiff requests an

hourly rate of $110.00 for paralegal work performed in 2017. *See* Pl.'s Ex. 1, at 3. Defendant does not object to this proposed hourly rate, and the Court finds that it is consistent with or lower than the prevailing market rates in the Western District of Oklahoma for these time periods. *See Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232-33 (W.D. Okla. Mar. 27, 2017).

                              CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 22) and awards attorney's fees under the EAJA in the amount of $6052.05. Such fees are to be paid by the Commissioner to Wendy Hanaway, subject to offset for debts owed to the federal government, if any, in accordance with the United States Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel, if having received the fees awarded herein, shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 11th day of December, 2018.

_____
CHARLES B. GOODWIN
United States District Judge