# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY HANAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-565-G |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Wendy Hanaway's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 28), filed through Plaintiff's counsel Miles Mitzner.

On September 18, 2018, the Court entered a Judgment reversing the Commissioner's decision denying Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 21) at 1. On August 12, 2019, the Social Security Administration ("SSA") issued a favorable decision on Plaintiff's applications and found Plaintiff disabled as of December 27, 2011. *See* Pl.'s Mot. Att'y Fees Ex. 2 (Doc. No. 28-2) at 1-2. The Commissioner has notified Plaintiff that up to $13,851.31 of withheld benefits can be applied toward her attorney's fees for work done in this action. *See id.* at 3; Pl.'s Mot. Att'y Fees at 2; *id.* Ex. 1 (Doc. No. 28-1) at 1 (contingent-fee contract between Plaintiff and her counsel prescribing that if Plaintiff is awarded benefits after a remand from federal court, the 25% of past-due benefits withheld by SSA will be paid to counsel).

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

The Commissioner has responded that he has no objection to Plaintiff's counsel's current request for $13,851.31 in fees. *See* Def.'s Resp. (Doc. No. 29) at 1-2.[1] The Commissioner correctly notes, however, that if fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser EAJA award to Plaintiff. *See id.* at 2; Order of Dec. 11, 2018, at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

Having carefully reviewed the parties' submissions, the Court finds that an award of $13,851.31, which is 25% of the past-due benefits awarded, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation,

---

[1] The Court has considered this Response despite its untimeliness. *See* LCvR 54.2.

the applicable attorney-fee agreement, and the results achieved. While before the Court, Mr. Mitzner filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB and SSI claims. *See* Doc. No. 14. The Commissioner filed a brief in opposition, which Mr. Mitzner was required to review. *See* Doc. No. 15; Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 28-3) at 2. Mr. Mitzner represents that he spent 32.35 hours litigating Plaintiff's disability case in federal court, which would result in an effective hourly rate of $428.17 with respect to the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 8; *id.* Ex. 3, at 2; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). Plaintiff and Mr. Mitzner agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1.

Accordingly, Plaintiff's Motion for Attorney Fees (Doc. No. 28) is GRANTED. Plaintiff's attorney Mr. Miles Mitzner is awarded attorney's fees in the amount of $13,851.31, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Miles Mitzner, P.O. Box 5700, Edmond, Oklahoma 73083. Upon payment, Mr. Mitzner shall promptly refund to Plaintiff

the $6052.05 previously awarded under 28 U.S.C. § 2412.  *See* Order of Dec. 11, 2018, at 1-2; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 30th day of October, 2019.

CHARLES B. GOODWIN
United States District Judge